IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDERSON-TULLY LUMBER COMPANY                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 5:05-cv-68(DCB)(JCS)

INTERNATIONAL FOREST PRODUCTS, S.r.l.                            DEFENDANT

ORDER

This cause is before the Court on the plaintiff Anderson-Tully Lumber Company's motion for reconsideration **(docket entry 39)** and to reopen case to allow limited discovery **(docket entry 39)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This action was filed in the Circuit Court of Warren County, Mississippi, on October 19, 2004, by Anderson-Tully Lumber Company ("ATCO Lumber"), a subsidiary of Anderson-Tully Corporation, a domestic corporation headquartered in Memphis, Tennessee. ATL is located in Vicksburg, Mississippi. The defendant, International Forest Products, S.r.l. ("IFP") is a foreign corporation headquartered in Rome, Italy. Following IFP's removal of this action to federal court, the Court granted IFP's motion to dismiss based on forum non conveniens and international abstention.

ATCO Lumber has now moved for reconsideration. Generally, a motion to alter or amend a judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2)

availability of new evidence that was not previously available; or (3) the need to correct a manifest error of law or mistake of fact. <u>Natural Resources Defense Council v. U.S. Envtl. Protection Agency</u>, 705 F.Supp. 698, 701 (D.C. Cir. 1989); <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit Court of Appeals has identified two important judicial imperatives relating to such a motion: (1) the need to bring litigation to an end; and (2) the need to render a just decision on the basis of all the facts. <u>Lavespere v. Niagara Machine & Tool Works, Inc.</u>, 910 F.2d 167, 174 (5th Cir. 1990). The task for the district court is to strike the proper balance between these competing interests. <u>Id</u>.

ATCO Lumber's motion is premised, <u>inter</u> <u>alia</u>, on a mistake of fact, <u>i.e.</u>, "the erroneous assumption and finding by this Court that ATCO Lumber has been a party to litigation pending in Italy." (Motion to Reconsider, ¶ 1). In its motion to dismiss, IFP had argued:

> The claims raised by Anderson-Tully in this action have previously been raised by Anderson-Tully as part of litigation between the parties currently proceeding in Italy. Anderson-Tully is attempting to have this Court hear claims which should be heard in Italy where they are already pending.

(Motion to Dismiss, ¶ 1). The motion to dismiss states that "Anderson-Tully" refers to "Anderson-Tully Lumber Company," <u>i.e.</u> the plaintiff in the present action. (Motion to Dismiss, p. 1). In its brief in support of the motion to dismiss, IFP makes a similar argument:

> ... IFP filed suit in Italy against Anderson-Tully in

> 2003. Anderson-Tully responded with an answer and counterclaims addressing the same issues that are addressed in the present matter. The Italian court has received numerous briefs from the litigants in its case and the proceedings have advanced to the "evidentiary stage" ... .
>
> The Plaintiff has filed the present action seeking to litigate in this Court the same issues that are pending in the Italian court. The Plaintiff, however, is not entitled to prosecute this action in this Court and must litigate this matter in Italy.

(Memorandum in Support of Motion to Dismiss, p. 1). In the brief, however, IFP states that "Anderson-Tully" refers collectively to "Anderson-Tully Corporation [the parent corporation], Anderson-Tully Lumber Company (the "Plaintiff")[a subsidiary of Anderson-Tully Corporation], and ATCO Allied Timber Companies S.r.l. [another subsidiary of Anderson-Tully Corporation]." (Memorandum in Support of Motion to Dismiss, p. 1).

It is now apparent to the Court that at the time ATCO Lumber filed its action against IFP in the Circuit Court of Warren County, and at the time IFP filed its motion to dismiss, ATCO Lumber was <u>not</u> a party to the litigation pending in Italy, although Anderson-Tully Corporation and ATCO Allied Timber Companies S.r.l. were. Thus, the Court's findings of fact were erroneous. The Court finds that ATCO Lumber's motion for reconsideration is well-taken as to the dismissal based on international abstention. IFP argues that "courts have held that parent and subsidiary participation in foreign litigation will also support a Motion to Dismiss based on international abstention." (Memorandum Response to Motion to Reconsider, p. 11). However, this argument was not before the

Court on IFP's motion to dismiss. The court shall therefore allow the parties to re-argue the issue of international abstention.

As for the Court's dismissal based on forum non conveniens, ATCO Lumber cites a number of alleged erroneous findings of fact, including:

> 8. That the alleged breaches of an exclusive agency agreement by IFP were alleged by ATCO Lumber to all have occurred in Italy;
>
> 9. That ATCO Lumber had asked the Italian court to call into evidence the books and balance sheets of IFP all of which are located in Italy;
>
> 10. That ATCO Lumber had identified in the Italian court seventeen (17) witnesses, only one of which had an American address; ...

(Memorandum in Support of Motion to Reconsider, p. 2). Each of these three findings stems from the finding that ATCO Lumber was a party in the Italian litigation. In addition, in granting IFP's motion to dismiss, the Court specifically relied on IFP's representation that ATCO Lumber had submitted to the jurisdiction of the Italian court and had filed a counterclaim against IFP asserting the same claims found in the litigation before this Court. (Memorandum Opinion and Order, p. 4).

Unlike international abstention, forum non conveniens does not depend on the existence of pending litigation in a foreign forum. Dismissal may still be warranted on forum non conveniens grounds, despite the absence of ATCO Lumber from the Italian litigation. However, the presence of factual inaccuracies in the Court's Order compels the Court to reexamine its forum non conveniens analysis.

Because ATCO Lumber was not a party to the Italian litigation, it could not have made allegations in that court concerning the locus of the alleged breach by IFP, and the location of evidence and witnesses.  ATCO Lumber may have scored a victory on this point, but it fails to address the underlying issues: Where <u>did</u> the breach by IFP occur?  Where <u>are</u> the evidence and witnesses located?  The Court finds that in this case the need to render a just decision on the basis of all the facts outweighs the need to bring litigation to an end.  For that reason, the plaintiff's motion shall be granted, and the parties allowed to re-argue the issues of international abstention and forum non conveniens.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Anderson-Tully Lumber Company's motion for reconsideration **(docket entry 39)** and to reopen case to allow limited discovery **(docket entry 39)** is GRANTED;

FURTHER ORDERED that the parties shall be allowed thirty (30) days from entry of this Memorandum Opinion and Order for limited discovery on the issues of international abstention and forum non conveniens.  The defendant's initial brief shall be due fifteen (15) days from the conclusion of discovery, the plaintiff's response ten (10) days thereafter, and any rebuttal five (5) days following the filing of the response.

SO ORDERED, this the 5th day of September, 2006.

                                                    S/DAVID BRAMLETTE
                                                    UNITED STATES DISTRICT JUDGE