IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDERSON-TULLY LUMBER COMPANY                              PLAINTIFF

VS.                             CIVIL ACTION NO. 5:05-cv-68(DCB)(JCS)

INTERNATIONAL FOREST PRODUCTS, S.r.L.                      DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant International Forest Products, S.r.L. ("IFP")'s Renewal of Motion to Dismiss **(docket entry 56)**, and on the plaintiff Anderson-Tully Lumber Company ("ATCO Lumber")'s Motion to Strike **(docket entry 63)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

This action was filed in the Circuit Court of Warren County, Mississippi, on October 19, 2004, by ATCO Lumber, a subsidiary of Anderson-Tully Corporation, a domestic corporation headquartered in Memphis, Tennessee. ATCO Lumber is located in Vicksburg, Mississippi. The defendant, IFP, is a foreign corporation headquartered in Rome, Italy. IFP removed the action to this Court and moved for dismissal on grounds of forum non conveniens and international abstention. The Court granted the motion, finding, inter alia, that IFP had previously filed suit against ATCO Lumber, Anderson-Tully Company (its parent corporation), and Allied Timber Companies, S.r.L. (its subsidiary) in Civil Court in Rome, Italy,

and that ATCO Lumber had filed an answer and counterclaim against IFP in the Italian litigation.

ATCO Lumber moved for reconsideration, and cited as one of its grounds that it was not in fact a party to the Italian litigation. Ultimately, the Court reopened the case and allowed discovery to go forward on the limited issues of forum non conveniens and international abstention. Discovery has now been completed, IFP has filed a renewed motion to dismiss, and the parties have thoroughly briefed the issues.

IFP is an Italian corporation with offices in Rome, Italy. Since 1976, it has marketed forest products, including hardwood and cut timber, from American, European, African and Brazilian producers. Declaration of Giuseppe De Martini ("De Martini Decl."), ¶ 2. IFP acts as the agent and representative for several major international lumber sources. It does not maintain any offices, agents, or bank accounts outside Italy, but acts as an agent for producers of forest products solely in Italy. In this capacity, IFP served as an agent for Anderson-Tully Company and ATCO Lumber from 1990 to 2001. De Martini Decl., ¶ 2.

Anderson-Tully Company is the parent corporation of ATCO Lumber and several other lumber-related companies. ATCO Lumber and Anderson-Tully Company are both Mississippi corporations, registered to do business in Mississippi and Tennessee. The two companies share the same principal office addresses, and the same

registered agents for service of process, in both Mississippi and Tennessee. Second Supplemental Declaration of Judith A. Lockhart ("Second Supp. Lockhart Decl."), Exh. 5, 6, 7 and 8. Anderson-Tully Company and ATCO Lumber share the same controller and treasurer, and there is considerable overlap in the two companies' officers and directors. Second Supp. Lockhart Decl., Exh. 5 and 7.

Anderson-Tully Company was formed in 1979. Prior to 1990, the company distributed its lumber products exclusively in the United States. Sales of lumber to foreign markets were made through exporters which in turn marketed the products under their own names. In 1990, Anderson-Tully Company and IFP entered into an agency agreement whereby Anderson-Tully Company would ship its products to directly to Italy, and IFP would market the products using the "Anderson-Tully" name. De Martini Decl., ¶ 7. ATCO Lumber was formed as a Mississippi corporation in 1997, and participated in the business relationship with IFP begun by Anderson-Tully Company. Second Supp. Lockhart Decl., Exh. 5.

According to IFP, ATCO Lumber unilaterally terminated its business relationship with IFP by a letter dated September 4, 2001. Second Supp. Lockhart Decl., Exh. 3. This letter alleged that IFP had sold lumber products of competing producers to ATCO Lumber's clients in Italy in violation of an alleged agreement to market ATCO Lumber's products exclusively. De Martini Decl., ¶ 11. IFP denies the existence of such an agreement. IFP also maintains that

ATCO Lumber's severance of relations with IFP came on the heels of the departure from IFP of a long-standing employee, Steven Mark Lloyd.  De Martini Decl., ¶¶ 12-13.  In July of 2001, ATCO Lumber formed an Italian subsidiary, Allied Timber Companies, S.l.R. ("Allied Timber").  Steven Mark Lloyd, IFP's former employee, became one of Allied Timber's directors.  De Martini Decl., ¶¶ 15-16.  IFP claims that Allied Timber assumed the agency role formerly held by IFP pursuant to its agreement with ATCO Lumber, and that Allied Timber began to solicit IFP's customers in Italy.  De Martini Decl., ¶ 17.

In 2003, IFP filed suit in the Civil Court in Rome against ATCO Lumber, Anderson-Tully Company, and Allied Timber.  IFP now acknowledges that the original Hague Convention service of process form served on ATCO Lumber was defective, and that, in a decision dated February 14, 2005, the Italian court ordered IFP to re-serve ATCO Lumber.  IFP's Memorandum, p. 7.  ATCO Lumber was not properly served with process until September 14, 2005.  Thus, on October 19, 2004, when ATCO Lumber filed the present lawsuit, it had not been served with process in the Italian litigation.  This Court's finding that ATCO Lumber was a party to the Italian litigation and had filed an answer and counterclaim was therefore in error.  The answer and counterclaim were filed by Anderson-Tully Company.

ATCO Lumber is now a party to the Italian litigation, along with Anderson-Tully Company (its parent), and Allied Timber (its

4

subsidiary)(hereinafter, with regard to the Italian litigation, these three entities may be collectively referred to as "the Anderson-Tully defendants"). Although ATCO Lumber was not formally served until September 14, 2005, it clearly had notice of the Italian litigation and the claims made by IFP, as well as the counterclaims and defenses filed by its parent corporation, Anderson-Tully Company, on May 18, 2004. In fact, the counterclaims include an allegation that IFP sold timber products of ATCO Lumber's competitors to ATCO Lumber's clients in Italy, in violation of an alleged exclusive agency agreement. De Martini Decl., ¶ 11. All parties have now appeared in the Italian court, and the litigation is ongoing. De Martini Decl., ¶¶ 4, 21-26. The complaint pending before this Court, filed by ATCO Lumber, addresses the same underlying facts that are addressed in the counterclaims against IFP in the Italian court. De Martini Decl., ¶ 20.

Under the doctrine of forum non conveniens, a court that has proper jurisdiction and venue over an action may exercise its discretion and decline to hear the matter and dismiss it if there is an alternative forum which is significantly more appropriate. See, e.g., Dickson Marine, Inc. v. Panalpina Inc., 179 F.3d 331, 342 (5th Cir. 1999); Nationsbank of Florida v. Banco Exterior de Espana, 867 F.Supp. 167, 169 (S.D. N.Y. 1994). While the doctrine of forum non conveniens has been practically superseded in the

federal courts by 28 U.S.C. § 1404(a) when there is a more appropriate alternative federal forum to which the case can be transferred, the doctrine remains viable in cases where the alternative forum is a court of a foreign country. See Menendez Rodriquez v. Pam Am Life Ins. Co., 311 F.2d 429, 433 (5th Cir. 1962)(forum non conveniens available to a federal court when alternative forum is state or foreign court), vacated on other grounds, 376 U.S. 779 (1964); see also 5B Fed. Prac. & Pro. Civ. § 1352 n.29 and accompanying text.  In international proceedings, forum non conveniens has a more pressing importance based on principles of international comity. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981); Posner v. Essex Ins. Co., 176 F.3d 1209, 1223 (11th Cir. 1999).

The procedure to be followed by a court to determine whether the doctrine of forum non conveniens should be applied is set forth in Usha (India), Ltd. v. Honeywell International Inc., 2004 U.S. Dist. LEXIS 4236 (S.D. N.Y. 2004) as follows:

> "An evaluation of a motion to dismiss on the grounds of forum non conveniens proceeds in several stages." Pollux Holding Ltd. v. The Chase Manhattan Bank, 329 F.3d 64, 70 (2nd Cir. 2003).  The first level of inquiry requires a determin[ation] of the degree of deference to be accorded to a plaintiff's choice of forum. Iragorri v. United Techs. Corp., 274 F.3d 65, 73 (2nd Cir. 2001).  Next, the Court determines whether an adequate alternative forum is available. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947).  Finally, if an alternative forum is available, the Court must then weigh private and public considerations to determine whether adjudication in the alternative forum is more appropriate. Id.; see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 254 n.22

> (1981).  While the moving party bears the burden of showing that an alternative forum is clearly more appropriate, Oil Basins Ltd. v. Broken Hill Propriety Co., 613 F.Supp. 483, 489 (S.D. N.Y. 1985), the decision to grant or deny the motion is within the Court's discretion.  Piper Aircraft Co., 454 U.S. at 257.

2004 U.S. Dist. LEXIS 4236 at *9 (S.D. N.Y. 2004).  Thus, this test requires an analysis of the foreign action, weighing the adequacy of the alternative forum as well as several private and public interest factors.

The analysis for determining whether there is an alternative forum available is set forth in Air Crash Disaster Near New Orleans, Louisiana v. Pan American World Airways, 821 F.2d 1147 (5th Cir. 1987), vacated by 490 U.S. 1032 (1989), on remand 883 F.2d 17 (5th Cir. 1989):

> A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum.  A foreign forum is adequate when the parties will not be deprived of any remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.

Id. at 1165 (citations omitted).  When a party has already submitted to the jurisdiction of a foreign court, the existence of an alternative and adequate forum is much clearer.  See e.g., Dickson Marine, Inc., 179 F.3d at 342 (the plaintiff had already "brought an action against [the defendant] in Switzerland, displaying that an adequate and available forum exists in Switzerland"); Gonzalez v. Chrysler Corp., 301 F.3d 377, 380 n.3 (2002)(defendants had already agreed to submit to the jurisdiction

of Mexican courts). Thus, ATCO Lumber's choice of a home forum is not determinative of the issue. See Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill, 751 F.2d 801, 806 (5th Cir. 1985)(United States court in a forum non conveniens case is not required to make its determination on plaintiff's choice of forum alone, and not heavily weighing that factor would not be abuse of discretion).

The fact that ATCO Lumber is actively participating in the proceedings in the Italian court demonstrates that an adequate and available forum exists. Dickson, 179 F.3d at 342; see also Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 836-37 (5th Cir. 1993). Furthermore, Italy provides comparable, if not equal, legal remedies for the alleged contract violations and business torts asserted by ATCO Lumber. Italian courts can compel witnesses to appear and can order the production of evidence from the parties. De Martini Decl., ¶¶ 32-35. Thus, the Italian court provides an adequate alternative forum.

Once the existence of an adequate alternative forum is confirmed, the Court considers several private and public interest factors. The private interest factors include: "The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witness[es]; possibility of view of premises ... and all other practical problems that make trial of a case easy, expeditious and inexpensive." Dickson, 179 F.3d at 342.

IFP and ATCO Lumber's business relationship was conducted in Italy, where IFP sold ATCO Lumber's products on its behalf. The evidence and witnesses needed to prosecute ATCO Lumber's claims would therefore naturally be located in Italy. For example, in the Italian litigation, the defendants request that "evidence be admitted ... through questioning of the legal representative of IFP about communications circulated among IFP employees and correspondence to other suppliers and clients." Declaration of Judith A. Lockhart ("Lockhart Decl."), pp. 23-25; De Martini Decl., ¶ 31). The Anderson-Tully defendants also identify as evidence letters contained within the "office of IFP." Lockhart Decl., p. 24. The alleged breaches of an exclusive agency agreement by IFP are all alleged to have occurred in Italy. Lockhart Decl., pp. 23-24. The Anderson-Tully defendants also ask the Italian court to call into evidence the books and balance-sheets of IFP, all of which are located in Italy. Lockhart Decl., p. 26.

ATCO Lumber's Pre-Discovery Disclosures of Core Information in this Court list 38 potential witnesses, 19 of whom are located in Italy, and 6 in Mississippi. Second Supp. Lockhart Decl., Exh. 2. ATCO Lumber's Supplemental Disclosures identify another 5 witnesses, only one of whom is located in Mississippi. Id. IFP's Disclosures name dozens of persons and companies in Italy which may have discoverable information, including customers contacted by ATCO Lumber. Second Supp. Lockhart Decl., Exh. 1.

The complaint filed in the Circuit Court of Warren County by ATCO Lumber, like the Italian counterclaim, refers to events that occurred in Italy.  Counts I, II and III refer to sales that occurred in Italy.  Count IV refers to customers and potential customers located in Italy.  ATCO Lumber has, through discovery, sought to establish that IFP had contact with Northwest Hardwoods, a competitor of ATCO Lumber, in the state of Washington, but the evidence before the Court shows only that IFP's work for Northwest Hardwood, like its work for ATCO Lumber, involved sales and marketing exclusively in Italy.

The location of evidence and witnesses weighs heavily in favor of dismissal in favor of a foreign jurisdiction. See, e.g., Torres v. Southern Peru Copper corp., 965 F.Supp. 899, 906 (S.D. Tex. 1996)(an "overwhelming number of fact witnesses" and documentary evidence were located in Peru, warranting dismissal); Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 831 (5th Cir. 1986)("Most of [the] witnesses are British, many may prove unwilling to travel to Louisiana to testify, and an American federal court is without power to compel them to do so."); Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824 (5th Cir. 1993)(upholding district court's dismissal in favor of German courts although some evidence was located in Texas, because Germany was the "focal point" of the matter and the proper forum for the proceeding).  If the dispute between ATCO Lumber and IFP were to be

tried before this Court, the Court would be faced with complications in having witnesses travel from Italy, and in translating testimony and documents. As the Fifth Circuit noted in Syndicate 420, "In a nutshell, the practical problems of trying this dispute in Louisiana are such that the proceeding is likely to prove difficult, lengthy and expensive for both the parties and the court." 796 F.2d at 831.

The public interest factors also weigh in favor of dismissal. These include: "The administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Dickson, 179 F.3d at 342 (citations omitted).

ATCO Lumber's Mississippi complaint alleges breach of contract, breach of fiduciary duty, breach of loyalty, tortious interference with ATCO Lumber's business in Italy, and violations of agency and trade laws. The complaint also seeks a declaratory judgment that ATCO Lumber had good cause to terminate its business relationship with IFP. Complaint, ¶¶ 5-25. These are essentially the same issues found in the Italian counterclaims, which are divided into "contractual and extra-contractual" allegations. The

Italian counterclaims focus heavily on the principal-agent relationship between ATCO Lumber and IFP, and also allege tortious interference with business in Italy. Lockhart Decl., pp. 8-12, 17-18. Italy provides comparable, if not equal, legal remedies for the alleged contract violations and business torts. De Martini Decl., ¶¶ 32-35. See Syndicate 420, 796 F.2d at 827 (the "identity of issues [in the London proceeding], and the risk of inconsistent judgments if both suits proceeded on parallel tracks" weighed in favor of dismissal); see also Fustok v. Banque Populaire Suisse, 546 F.Supp. 506, 515 (S.D. N.Y. 1982)("dismissal is appropriate here because the balance of convenience weighs heavily in favor of a trial in Switzerland. Not only is a Swiss court a more convenient and adequate forum, but, in fact, there is presently pending there a litigation involving [the parties] which encompasses the claims here advanced.").

The business dealings between the parties took place mostly, if not entirely, in Italy; Italian courts have a local interest in trying the dispute; and Italian law will most likely govern the action. In fact, the litigation has been proceeding for some time in the Italian court. The Court finds that both the private and public interest factors weigh in favor of dismissal.

In addition, the doctrine of international comity applies in this case. Since the Supreme Court's decision in Landis v. American Water Works & Elec. Co., 299 U.S. 248 (1936), courts have

12

regularly exercised their authority to dismiss or stay actions in deference to ongoing foreign proceedings. See, e.g., Posner, 178 F.3d 1209; Turner Entm't Co. v. Degeto Film GmbH, 25 F.3d 1512 (11th Cir. 1994); Ingersoll Milling Mach. Co. v. Granger, 833 F.2d 680 (7th Cir. 1987). Generally, the factors considered in deciding a motion to dismiss based on international comity are similar to those considered in determining the issue of forum non conveniens, and include: (1) the similarity of parties and issues; (2) promotion of judicial efficiency; (3) the adequacy of relief in the alternative forum; (4) considerations of fairness and prejudice to parties; and (5) the temporal sequence of filing. See Caspian Investments Ltd. v. Vicom Holdings Ltd., 770 F.Supp. 880, 884 (S.D. N.Y. 1991); Torres, 965 F.Supp. At 908-09.

   As previously discussed, the similarity of parties and issues weighs in favor of dismissal. Although some of the Anderson-Tully companies may be located in Mississippi, courts have held that American companies that insert themselves into foreign markets cannot thereafter claim hardship in being called into court abroad. See, e.g., Dragon Capital Partners, L.P. v. Merrill Lynch Capital Services, Inc., 949 F.Supp. 1123, 1128 (S.D. N.Y. 1997). Judicial efficiency would also be served by litigating this matter in Italy, as the majority of the witnesses and evidence are located there. The Italian courts are capable of affording justice and the proper relief to the parties. As for fairness and prejudice, IFP has no

offices or assets in the United States, and has conducted only minor business activities in the United States over the last fifteen years. De Martini Decl., ¶ 2. ATCO Lumber, on the other hand, has an Italian subsidiary, formed in 2001, which acts as its agent in Italy. Id. Furthermore, Anderson-Tully Company and ATCO Lumber have sold their products and conducted business in Italy since 1990. Id. As the district court in Dragon Capital Partners noted, a party that has "engaged in business in [a foreign] forum ... cannot expect to evade its court's jurisdiction. ... The law is clear that when a [party] invokes the laws of a particular jurisdiction, it cannot then repudiate the courts of that jurisdiction as unable to afford justice to its claims." 949 F.Supp. at 1128 (citing Caspian, 770 F.Supp. at 885 n.5).

Finally, the temporal sequence of filing favors the Italian action, since it was commenced first, on November 21, 2003, eleven months before ATCO Lumber's complaint was filed in Warren County. Anderson-Tully Company filed its answer and counterclaims on May 18, 2004, three months before the Warren County suit. Although ATCO Lumber was not officially served with process until September 14, 2005, it was originally a named party and was no doubt well-represented by its parent and subsidiary. In Goldhammer v. Dunkin Donuts, Inc., 59 F.Supp.2d 248 (D. Mass. 1999), the district court rejected the plaintiff's argument that he was not a party to the earlier-filed foreign proceeding (Dunkin Donuts, Inc. v. DD UK,

Ltd.), stating, "Goldhammer holds a two-thirds interest in DD UK and, thus, has substantially similar interests to those of DD UK. While a shareholder may have claims independent of the corporation, the parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." <u>Id</u>. at 253 (citations omitted).  The Court finds that dismissal is also warranted under the doctrine of foreign abstention.

ATCO Lumber has filed a motion to strike the Declarations of Giuseppe De Martini on grounds that they are not made on personal knowledge, do not set forth facts that would be admissible in evidence, and do not affirmatively show that the affiant is competent to testify as to the matters contained therein.  <u>See</u> Fed.R.Civ.P. 56(e).  Mr. De Martini is IFP's legal counsel, and represents IFP in the Italian litigation.  The Court finds that he is competent to testify as to matters concerning his client and the Italian litigation.  Furthermore, the statements of Mr. De Martini are supported by corporate records, court pleadings, and other documents attached to his Declarations.  To the extent that some of his statements are superfluous and not supported by evidence, the Court did not rely on such statements, and the portions of the Declarations relied on by the Court meet the requirements of Rule 56(e).  The motion to strike shall therefore be denied.

The analysis of all the relevant factors favors dismissal of

the Mississippi action in favor of the ongoing proceeding in Italy. Thus, the Court finds that IFP's motion is well-taken under both the doctrine of forum non conveniens and the doctrine of international abstention.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Anderson-Tully Lumber Company's motion to strike **(docket entry 63)** is DENIED;

FURTHER ORDERED that the defendant International Forest Products, S.r.L.'s renewed motion to dismiss **(docket entry 56)** is GRANTED based on forum non conveniens and international abstention;

FURTHER ORDERED that this action is dismissed without prejudice.  Should any of the plaintiff's claims survive the pending Italian litigation without resolution, this case may be reopened.

SO ORDERED, this the   26th   day of September, 2007.


                                    s/David Bramlette
                              UNITED STATES DISTRICT JUDGE